NO. 07-08-0119-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 30, 2008

_____

PHILLIP W. MORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,322; HONORABLE CECIL PURYEAR,[1] JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**_ABATEMENT AND REMAND_**

Appellant, Phillip W. Morris, appeals his conviction and sentence of eight years confinement for the offense of assault, family violence, repeat offense. The record before

---

[1]Although the Hon. Cecil Puryear signed the judgment being appealed, the Hon. Ron Champan (Ret.), presided over the guilt / innocence and punishment phases of the trial, sitting by assignment. *See* Tex. Gov't Code Ann. § 75.002(a)(3) (Vernon Supp. 2007).

us indicates that the guilt / innocence phase of the trial was conducted before a jury on April 3 and 4, 2006, and the punishment phase was before the bench on May 8, 2006. The court reporter, Lindi L. Reeves, has informed this Court, by affidavit, as follows:

> I, Lindi L. Reeves, Certified Shorthand Reporter in and for the State of Texas do hereby swear and testify to the following:
>
> I was the Court Reporter substituting for the 137[th] Judicial District Official, Becky Cleveland, in the above-named case [Cause No. 2005-410,322] on trial on *April 16, 2006.*
>
> Upon searching through all of my notes and diskettes and tapes, I am unable to locate said trial in any form or fashion. I have searched diligently to no avail and with regret, I am resolved that the record for *April 16, 2006*, The State of Texas vs. Phillip W. Morris, is lost.

(emphasis added).

Notwithstanding the fact that the reporter's affidavit indicates a trial date that does not comport with the trial date indicated in the clerk's record, this Court has not received any portion of the reporter's record of the guilt / innocence phase of the trial. Although incorrectly denominated as a hearing conducted on the 8th day of May, *2007*, this Court has received a reporter's record of the punishment proceedings held on May 8, 2006. (emphasis added).

According to Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if (1) the appellant has timely requested a reporter's record, (2) without the appellant's fault, a significant portion of the court reporter's notes and records have been lost or destroyed, (3) the lost or destroyed portion of the record is necessary to the appeal's

2

resolution, and (4) the lost or destroyed portion of the record cannot be replaced by agreement of the parties. Given Rule 34.6(f) and the court reporter's statement that she cannot locate the record, we abate the appeal and remand the cause to the trial court.

On remand, the trial court shall schedule a hearing and notify all parties of their right to attend same. At that hearing, the trial court shall receive evidence sufficient for it to determine whether:

(1)     Appellant desires to pursue the appeal,

(2)     Appellant timely requested a reporter's record,

(3)     the proceedings were recorded stenographically or by other means,

(4)     a significant portion of the recording has been lost or destroyed
        for reasons other than the fault of Appellant,

(5)     the lost or destroyed portion of the record is necessary to the
        resolution of the appeal, and

(6)     the parties cannot agree on a complete reporter's record.

It is further ordered that the trial court shall cause the aforementioned hearing to be transcribed by the official court reporter and included in a supplemental reporter's record. So too is the trial court ordered to execute findings of fact and conclusions of law addressing the six matters numerically itemized above and cause its findings and conclusions to be included in a supplemental clerk's record. Finally, the trial court shall cause the supplemental reporter's record and supplemental clerk's record to be filed with the Clerk of this Court on or before August 29, 2008. Should additional time be needed

3

for the trial court to comply with this order, an extension of time must be requested on or before August 14, 2008.

Also pending before this Court is Appellant's *Motion Requesting Extension of Time to File Appellate Brief.* Because Appellant's brief is not due to be filed until after the reporter's record has been filed, said motion is rendered moot by this abatement.

It is so ordered.

Per Curiam

Do not publish.